# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MICHAEL F. REESE, Sr.,**

        **Plaintiff,**

        v.                                         Case No. 18-CV-1041

**MARK DOOLITTLE, et al.**

        **Defendants.**

## ORDER GRANTING PLAINTIFF'S REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FILING FEE

      Currently pending before the court is plaintiff Michael F. Reese, Sr.'s Request to Proceed in District Court without Prepaying the Filing Fee. Having reviewed Reese's request, the court concludes that he lacks the financial resources to prepay the fees and costs associated with this action. Therefore, Reese's Request to Proceed in District Court without Prepaying the Filing Fee will be granted.

      However, that determination is only half of the court's inquiry. Because the court is granting Reese's Request to Proceed in District Court without Prepaying the Filing Fee, the court must proceed with the second step of the analysis under 28 U.S.C. § 1915 and determine whether the complaint is legally sufficient to proceed.

Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States solely due to poverty. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). In order to balance these competing concerns, before the court can allow Reese to proceed in forma pauperis, the court is obligated to determine that this case (1) is not frivolous or malicious, (2) does not fail to state a claim upon which relief may be granted, and (3) does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 325. Although factual allegations must be weighed in favor of Reese, that does not mean that the court is required to accept without question the truth of Reese's allegations. *Denton*, 504 U.S. at 32. Thus, a court

may dismiss a claim as frivolous if it is "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," "wholly incredible," or "based on an indisputably meritless legal theory." *Id.* at 32-33. A court may not dismiss a claim as frivolous simply because "the plaintiff's allegations are unlikely." *Id.*

However, a claim might not be frivolous or malicious but nonetheless fail to state a claim upon which relief may be granted and therefore be subject dismissal. In determining whether or not a complaint is sufficient to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon

3

which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

If the complaint contains well-pleaded, non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations raised in Reese's complaint. Reese alleges Krones Inc., by and through Mark Doolittle and John Barker, violated the American with Disabilities Act of 1990 by failing to make reasonable accommodations for a known physical limitation from which Reese suffered. (*See generally* ECF No. 1.) Specifically, Reese alleges that in the spring of 2015 he tore his peroneal brevis and longus tendons in his right ankle, causing him to be able to "barely walk on [his] right foot." (ECF No. 1, at 7.) Reese then made two accommodating requests to Mark Doolittle, which Doolittle denied. (ECF No. 1, at 7-9.)

Liberally construing Reese's complaint, as the court must all pleadings of non-attorneys, the court construes Reese's complaint as alleging that Krones Inc., by and through Mark Doolittle and John Barker, did not make "reasonable accommodations" for Reese's known physical limitations. *See* 42 U.S.C. § 12112(b)(5). Construed in this

4

manner, the court finds the complaint satisfies the low standard necessary to proceed under 28 U.S.C. § 1915.

**IT IS THEREFORE ORDERED** that Reese's Request to Proceed in District Court without Prepaying the Filing Fee (ECF No. 2) is **granted**.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(2), the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon defendants. Even though Reese has been permitted to proceed in forma pauperis in this case, Reese is still responsible for the cost of serving the complaint on the defendants. Reese is advised that Congress requires the Marshals Service to charge for making or attempting to make such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8 per item. The full fee schedule is provided in Revision to United States Marshals Service Fees for Services. 28 C.F.R. § 0.114(a)(2), (a)(3).

**IT IS FURTHER ORDERED** that the all of Reese's filings with the court shall be mailed to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, WI 53202

DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS. It will only delay the processing of the matter.

Reese should also retain a personal copy of each document.

Reese is further advised that failure to comply with all deadlines may have serious consequences which may include the loss of certain rights or the dismissal of this entire action.

In addition, Reese must immediately notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 11th day of July, 2018.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge