# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MICHAEL F. REESE, SR.,**

      **Plaintiff,**

      v.                                                     **Case No. 18-CV-1041**

**DOOLITTLE, et al.,**

      **Defendants.**

## DECISION AND ORDER

### INTRODUCTION

Plaintiff Michael F. Reese, Sr., filed this action against defendants Mark Doolittle, John Barker, and Krones, Inc., alleging that defendants failed to accommodate his injury, in violation of the Americans with Disabilities Act. (ECF No. 1.) Doolittle and Barker move to be dismissed from this action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. (ECF No. 20.) All parties have consented to the full jurisdiction of a magistrate judge (ECF Nos. 4, 18), and this matter is ready for resolution.

### FACTS

The following facts are taken from the complaint. Reese worked in the Building Maintenance department at Krones, Inc., "[p]erforming Electrical Projects, Pipe Fitting Projects, Plumbing Project[s,] and many other custom type projects[.]" (ECF No. 1 at 7.)

In the spring of 2015 Reese tore his Peroneal Brevis and Longus Tendon in his right ankle while playing tennis. (ECF No. 1 at 7.) He told Doolittle, his boss, about his injury. (*Id.*) Doolittle looked disappointed and upset. (*Id.*) Reese kept working, but his injury affected "[a]ll of [his] job duties." (*Id.*)

In December 2015[1] Reese could hardly walk, so he took Light Duty and Short-Term Disability leave. (ECF No. 1 at 7.) Doolittle had told Reese that he could not return to work unless he returned with no-restrictions. (*Id.*) His injury got better and he decided to return to work full-time in June 2016. (*Id.*)

In the middle of July 2016 Reese asked Doolittle if he would consider buying a motorized work cart for Reese to use for work. (ECF No. 1 at 7.) "[He] told [Doolittle] that [his] chance of reinjury would be much less if [he] didn't have to walk 3 or 4 of the 5-7 miles [he] normally walk[ed] every day." (*Id.*) Reese believed it was a reasonable request, as the machine shop already had three motorized work carts. (*Id.*) Doolittle told Reese that it was not in the budget. (*Id.*)

In January 2017 Reese's entire right foot and leg were strained. (ECF No. 1 at 8.) He asked Doolittle if the flooring in the bucket lift could be replaced. The steel mesh flooring where Reese stood while using the lift "was very wavy and uneven due to the many years of use by many people." (*Id.*) The wavy flooring was aggravating Reese's

---

[1] The complaint gives the date as December 2016, but Reese alleges that he returned to work in June 2016, so it is clear that it is a typo and the actual date is December 2015.

2

injury "to the point [that] [he] thought a reinjury [was] possible." (*Id.*) Doolittle asked Jimmy Wortella, lead man in the machine maintenance department, to get a quote from Wisconsin Lift Truck. (*Id.*) Doolittle told Reese that his request would cost $4,500 because the entire bucket would have to be replaced, not just the flooring of the bucket. (*Id.*) Reese decided to call Wisconsin Lift himself and they told him that they could replace the flooring of the lift for $800. (*Id.*) When Reese told Doolittle about the $800 quote he received from Wisconsin Lift Doolittle became upset that Reese "would go over everyone's head." (*Id.*) No fix was made to the bucket lift, and Reese kept working through the pain. (*Id.*)

On February 28, 2017, Reese was called into the office of John Barker, the human resources manager. (ECF No. 1 at 8.) Barker and Doolittle discussed some safety issues with Reese and accused him of failing to do his job on a time-sensitive project. (*Id.*) Throughout the meeting Doolittle kept mentioning how slow Reese had been moving and how long it had been taking him to do his jobs. (*Id.*) Barker told Reese that he was expected to do his job in a faster manner. (*Id.*) Reese brought up his age and injury, but that had no effect. (*Id.*) Reese was punished with three days off work with no pay and threatened with possible termination. (*Id.*)

On March 20, 2017, "[Doolittle] gave [Reese] a very physical work assignment[.]" (ECF No. 1 at 9.) Reese was tasked with lifting twenty-five banker boxes (each weighing approximately 50 to 60 pounds) off of a multi-level shelving unit onto a four-wheeled

3

push cart, rolling the push cart into the shop, and then lifting each box off of the push cart onto a wooden pallet. (*Id.* at 13.) Reese was severely injured as a result. A magnetic resonance imaging (MRI) scan showed that Reese had bulging discs between L1-L2, L2-L3, L3-L4, L4-L5 and a herniated disc between L5-S1, which deformed/pinched his S1 nerve root. (*Id.* at 13.)

## STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim satisfies this pleading standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. The court accepts "all well-pleaded facts as true and constru[es] all inferences in favor of the plaintiff[]." *Gruber v. Creditors' Prot. Serv.*, 742 F.3d 271, 274 (7th Cir. 2014).

## ANALYSIS

The Americans with Disabilities Act prohibits employers from discriminating against qualified individuals due to a disability, which includes failing to make reasonable accommodations for a qualified employee's disability. *Rowlands v. United*

*Parcel Service – Fort Wayne*, 901 F.3d 792, 798 (7th Cir. 2018) (citing *Rodrigo v. Carle Found. Hosp.*, 879 F.3d 236, 241 (7th Cir. 2018). "In order to establish a prima facie case of failure to accommodate in accordance with the [Americans with Disabilities Act], 'a plaintiff must show that: (1) [he] is a qualified individual with a disability; (2) the employer was aware of [his] disability; and (3) the employer failed to reasonably accommodate the disability." *Kotwica v. Rose Packing Co., Inc.*, 637 F.3d 744, 747-48 (7th Cir. 2011) (quoting *EEOC v. Sears, Roebuck & Co.*, 417 F.3d 789, 797 (7th Cir. 2005)).

The Americans with Disabilities Act provides only for employer, not individual, liability. *Silk v. City of Chicago*, 194 F.3d 788, 797 n. 5 (7th Cir. 1999). An "employer" under the Act is defined as "a person engaged in an industry affecting commerce who has 15 or more employees for each working day … and any agent of such person[.]" 42 U.S.C. § 12111(5)(A). "[T]he language designating 'any agent of such person' as an employer was intended to impose respondeat superior liability on employers for the acts of their agents—not to create liability for every agent of an employer." *DeVito v. Chi. Park Dist.*, 83 F.3d 878, 882 (7th Cir. 1996) (citing *EEOC v. AIC Security Investigations, Ltd.*, 55 F.3d 1276, 1281 (7th Cir. 1995)).[2] "Agents are liable … only if they 'otherwise meet the statutory definition of [an] employer.'" *DeVito*, 83 F.3d at 882 (quoting *AIC Security Investigations, Ltd.*, 55 F.3d at 1282) (alteration in original).

---

[2] Respondeat superior liability holds employers liable for their employees' actions within the scope of their employment. *Shields v. Ill. Dept. of Corr.*, 746 F.3d 782, 792 (7th Cir. 2014).

Reese's complaint alleges that Mark Doolittle, the facilities manager at Krones, and John Barker, the human resources manager, "failed to accommodat[e] [his] injury in July 2016 and January 2017, resulting in a very serious Permanent Disability Injury that happened on March 20th, 2017." (ECF No. 1 at 2, 15.) However, it cannot be inferred from the facts alleged in the complaint that either Doolittle or Barker meet the statutory definition of "employer" under the Act. Consequently, while it may be true that Doolittle and Barker failed to accommodate Reese's injury, they cannot be held individually liable under the Americans with Disabilities Act for that failure. *See Silk*, 194 F.3d at 797 n. 5 ("Our case law is clear that a supervisor cannot be held liable in his individual capacity under the [Americans with Disabilities Act].").

As such, the court will grant Doolittle and Barker's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

**IT IS THEREFORE ORDERED** that Mark Doolittle's and John Barker's motion to dismiss (ECF No. 20) is **granted**.

Dated at Milwaukee, Wisconsin this 6th day of November, 2018.

WILLIAM E. DUFFIN
U.S. Magistrate Judge